## LIABILITY FOR MISTAKE IN PAYMENT OF WAGES.

Circuit Court of Cuyahoga County.

ERIE RAILROAD COMPANY v. NICOLA GUGLIOTTA.

Decided, December 4. 1911.

*Wages—Payment to Wrong Person.*

It is no defense to a claim for wages that they have been paid to a third person, unless such third person received payment with the knowledge and consent of the plaintiff.

*Cushing, Siddall & Palmer,* for plaintiff in error.
*B. D. Nicola,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This proceeding in error should never have been brought. The defendant in error recovered a judgment of $24.30 in the court of common pleas in an action for wages which was appealed from a justice court.   The bill of exceptions contains 122 pages; and the cost of preparing it must have exceeded the amount of the judgment.

The Erie Railroad Company pays its men regularly on or about the fifteenth day of each month for the work done the preceding month.   When an employee quits or is discharged before the regular pay day arrives, he is given a "D. Cr." or discharge credit slip, by means of which he may get his pay at once.

Nunzio Laseta, No. 478, assignor of the plaintiff below, and Nunzio Destro, No. 490, worked for the company in November. A laborer, supposed to be one or the other of these Nunzios, quit on the twenty-third of that month, and was given a D. Cr. bearing the name of one Nunzio and the number of the other. Someone cashed it. The company claims it was Nunzio Laseta. The plaintiff below denies this, insists that he did not quit work in November, and declares that if either Nunzio cashed it, Nunzio Destro must have been the one. To complicate the matter further, some clerk in the office of the company sought to reconcile the name and number on the pay roll. He thought proper to do so by changing the name instead of the number. The facts thus present a veritable comedy of errors. Not so, the record. The two Nunzios may have concertedly played the roles of the two Dromios from Ephesus and Syracuse in order to obtain double payment of a single wage claim; but the jury has vindicated the plaintiff's Nunzio, and we could not have done better upon all the evidence.

The company complains of the following paragraph in the charge:

"I am inclined to think, gentlemen, that inasmuch as the averment in the answer is that this claim was paid to No. 478, or as ordered by him, if it was in fact paid to somebody else it could only operate to extinguish the debt if a person other than Laseta actually collected it, *or* did it upon the order or with the permission of and consent of Laseta himself. That is to say, if the slip was given to Laseta, and if he lost it, and if a person found it, and collected the money upon it, it would not, in my judgment, operate as a valid defense; it would only be in case it was presented by some person with the knowledge and consent and permission of Laseta himself. If, of course, it was presented by himself, it would constitute a valid defense."

If the word "or," which I have underscored, had been "and" the instruction would have been correct. As given, it was less favorable to defendant in error. But the jury could not on any event have been prejudiced.

The judgment is affirmed.